# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROGER LIVERMAN AND <br> AARON LIVERMAN <br>     Plaintiffs, <br><br> V. <br><br> DENTON COUNTY, TEXAS, <br> CRIMINAL DISTRICT ATTORNEY, <br> PAUL JOHNSON, LARA TOMLIN, <br> RICK DANIEL, LINDSEY SHEGUIT, <br> and KATHERYN PAYNE HALL, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CASE NO. 4:16CV801 <br> Judge Mazzant/Judge Johnson |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On January 30, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the Consolidated Rule 12 Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6), filed by Defendant Denton County, Texas Criminal District Attorney, on behalf of Denton County Criminal District Attorney Paul Johnson and three Assistant Criminal District Attorneys, Lara Tomlin ("Tomlin"), Rick Daniel ("Daniel"), and Lindsey Sheguit ("Sheguit") (collectively, the "District Attorney Defendants") (*see* Dkt. #18) be **GRANTED**.

*Pro se* Plaintiffs Roger Liverman and Aaron Liverman ("Plaintiffs") filed objections to the report on February 15, 2017 (*see* Dkt. #47).[1] The Court has made a *de novo* review of the objections raised by Plaintiffs and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The

---

[1] Plaintiff's objections are titled "*Pro se* Plaintiffs Response & Brief in Support to the Report and Recommendation of United States Magistrate Judge." *See* Dkt. #47.

Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Plaintiffs have sued the District Attorney Defendants in their individual capacities, as well as Defendant Katheryn Payne Hall ("Hall"), who, apparently, is the daughter of Plaintiff Roger Liverman and the sister of Plaintiff Aaron Liverman. Plaintiffs also name as a Defendant "Denton County, Texas, Denton Criminal District of Attorney" ("Denton County"), which they identify as a "governmental entity." *See* Dkt. #1 at 4. Denton County has not entered an appearance in this lawsuit. Nor is it clear that Denton County been properly served with process. This case apparently arises from Plaintiffs' prosecution by the Denton County District Attorney's Office for a violation of Texas Penal Code section 32.46 (Securing the Execution of Documents by Deception), an indictment by the Denton County Grand Jury, a finding of guilty by a Denton County District Court Judge in a bench trial, and, ultimately, the reversal of the convictions by the Court of Criminal Appeals. *See* Dkt. 18 at 2-3.

Having reviewed the record herein and finding that Plaintiffs' objections are without merit, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Plaintiffs object to the Magistrate Judge's finding that all claims alleged involved the District Attorney Defendants' prosecutorial advocacy functions and that the Magistrate Judge incorrectly concluded that prosecutorial immunity applies. *See* Dkt. #47 at 7-13. Although Plaintiffs extensively cite a wide variety of cases in their objections (*see* Dkt. #47), they fail to provide any meaningful analysis to overcome the Magistrate Judge's finding that the District Attorney Defendants are entitled to both absolute and qualified immunity. The majority of Plaintiffs' arguments arise from qualified immunity cases. *See id*. at 8-13. The Magistrate Judge properly concluded that the conclusory allegations and assertions in Plaintiffs' complaint failed to meet the heightened pleading requirement

for qualified immunity claims. *See Baker v. Putnal*, 75 F.3d at 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 530 U.S. 1229, (2000).

More importantly, however, Plaintiffs cannot overcome the District Attorney Defendants' absolute immunity defense. Plaintiffs make two arguments—both of which are unavailing. Plaintiffs argue that: (1) the Eleventh Amendment does not . . . immunize local governments from private suits;" and (2) "state officials may be sued . . . in their individual capacit[ies] for violations of federal constitutional or statutory rights." However, neither of Plaintiffs' arguments address the issue of prosecutorial immunity. As the Magistrate Judge correctly stated, Fifth Circuit law is clear that when acting in a prosecutorial capacity, a district attorney is an agent of the state, not an agent of the county in which the criminal case happens to be prosecuted, and is thus, protected by Eleventh Amendment Immunity. *See Esteves v. Brock*, 106 F.3d 674 (5th Cir.), cert. denied, 522 U.S. 828 (1997); *see also Spikes v. Phelps*, 131 Fed. Appx 47 (5th Cir. 2005); *Shanafelt v. Office of the Attorney General*, 213 F.3d 638 (5th Cir. 2000).

The law is equally clear that absolute immunity covers a prosecutor's actions associated with the judicial phase of the criminal process, including actions related to initiating, investigating, and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves*, 106 F.3d at 676; *see also Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). Furthermore, absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). The Court has reviewed the pleadings and the Magistrate Judge's findings, and agrees with the Magistrate Judge that all of the facts alleged, even when taken as true, do not amount to conduct for which waiver of absolute immunity is warranted.

Plaintiffs also raise an issue regarding a "murder for hire plot" perpetrated against them by Defendant Hall. *See* Dkt. 47 at 13 and 17-18. Plaintiffs have previously raised this issue by way of

their motion requesting the Court to notify the "proper authorities" about the alleged murder-for-hire plot (*see* Dkt. 31). The murder-for-hire plot is not alleged in Plaintiffs' complaint (*see* Dkt. #1) and thus is not addressed in either the District Attorney Defendants' motion to dismiss (*see* Dkt. #18) or the Magistrate Judge's report and recommendation (*see* Dkt. #40). However, to the extent that Plaintiffs intend to assert this issue to overcome the District Attorney Defendants' assertion of immunity, the Court will address it here.

Plaintiffs allege they provided evidence of the alleged murder-for-hire plot to the District Attorney Defendants and the District Attorney Defendants failed to take any action. *See* Dkt. #47 at 14. Prosecutors have discretionary power to decide whether or not to bring charges and when to bring charges. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Cox*, 342 F.2d 167, 172 (5th Cir. 1965); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (internal citation omitted) (holding there is no constitutional right to have someone criminally prosecuted); *Gill v. State of Texas*, 2004 WL 852285, at *2 (N.D. Tex. 2004), aff'd, 153 F. App'x 261 (5th Cir. 2005). Thus, contrary to Plaintiffs' contention, it was within the discretion of the District Attorney Defendants to assess the evidence and decide whether or not to bring charges. *See Bordenkircher*, 434 U.S. at 364. Moreover, as previously explained, absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison*, 761 F.2d at 248 (5th Cir. 1985).

For reasons unclear to the Court, Plaintiffs also raise the issue of standing. The Magistrate Judge's report does not challenge—or even discuss—Plaintiffs' standing to bring their lawsuit. Therefore, to the extent that Plaintiffs have raised an objection on this point, the objection is overruled as moot.

The only issue before the Court in a Rule 12(b)(6) motion to dismiss is whether Plaintiffs have successfully stated a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Plaintiffs' claims must have facial plausibility to survive the District Attorney Defendants' 12(b)(6)

motion to dismiss. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Even construing all the facts in a light most favorable to Plaintiffs, *see Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted.

Accordingly, the District Attorney Defendants' Consolidated Rule 12 Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) (Dkt. #18), is **GRANTED**, and Plaintiffs' claims against Denton County Criminal District Attorney Paul Johnson and three Assistant Criminal District Attorneys, Lara Tomlin, Rick Daniel, and Lindsey Sheguit, are hereby DISMISSED with prejudice, with all costs to be borne by the party incurring same. All other named Defendants remain in the suit at this time.

**IT IS SO ORDERED.**
**SIGNED this 23rd day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE