# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ROGER LIVERMAN AND | § | |
| AARON LIVERMAN | § | |
|     Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 4:16CV801 |
| DENTON COUNTY, TEXAS, | § | Judge Mazzant/Judge Johnson |
| CRIMINAL DISTRICT ATTORNEY, | § | |
| PAUL JOHNSON, LARA TOMLIN, | § | |
| RICK DANNIEL, LINDSEY SHEGUIT, | § | |
| and KATHERYN PAYNE HALL, | § | |
|     Defendants. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 19, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendation that the Motion to Dismiss filed by Defendant Denton County Criminal District Attorney's Office a/k/a "Denton County, Texas, Criminal District Attorney" (the "District Attorney's Office") (Dkt. 65) be **GRANTED**.

Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

*Pro se* Plaintiffs Roger Liverman and Aaron Liverman ("Plaintiffs") have sued various individuals and entities, including "Denton County, Texas Denton County Criminal District Attorney" and Denton County Criminal District Attorney Paul Johnson ("Johnson"), Assistant Criminal District Attorneys Lara Tomlin ("Tomlin"), Rick Daniel ("Daniel"), and Lindsey Sheguit ("Sheguit") (collectively the "District Attorney Defendants"), and Defendant Hall, who according to the record is the daughter of Plaintiff Roger Liverman and the sister of Plaintiff Aaron Liverman. Plaintiffs' claims against the District Attorney Defendants[1] and Defendant Hall have been dismissed. *See* Dkts. 50 and 63.

The Magistrate Judge properly found the District Attorney's Office's motion to dismiss should be granted because the District Attorney's Office is not a separate legal entity capable of being sued. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir.1991) (internal citations and quotations omitted) ("In order for a plaintiff to sue a city department, it must enjoy a separate legal existence."); s*ee also Jacobs v. Port Neches Police Department*, 915 F.Supp. 842, 844 (E.D. Tex. 1996) (Relying on the principles enunciated in *Darby*, the court held that the county district attorney's office was not capable of being sued); *Stephens v. Dist. Attorney of Dallas Cty.*, 2004 WL 1969403 (N.D. Tex. 2004) (The district attorney's office is not a jural entity that can be sued).

Accordingly, the District Attorney's Office's Motion to Dismiss (Dkt. 65) is **GRANTED**.

---

[1] Plaintiffs' interlocutory appeal of the Court's Order dismissing the District Attorney Defendants is currently pending before the Fifth Circuit Court of Appeals, case number 17-40325. *See* Dkt. 60.

The case as to the Defendant Denton County Criminal District Attorney's Office a/k/a "Denton County, Texas, Criminal District Attorney" shall be dismissed with all costs to be borne by the party incurring same.

**It is SO ORDERED.**

**SIGNED this 15th day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE